IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MORAYMA BJERKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-00220 |
| | § | |
| VVS, INC. D/B/A CANTEEN, | § | |
| A foreign corporation, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT VVS, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT SUBJECT TO ITS MOTION TO TRANSFER VENUE**

Defendant VVS, Inc. d/b/a VVS Canteen ("Defendant") files its Answer to Plaintiff's Original Complaint, subject to its Motion to Transfer Venue.

**I.
PARTIES, JURISDICTION AND VENUE**

1.      The allegations in Paragraph 1 of the Complaint are jurisdictional in nature and require no response from Defendant.

2.      In response to Paragraph 2 of the Complaint, Defendant does not have knowledge sufficient to admit or deny Plaintiff's current citizenship status.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that it is a corporation existing under the laws of the State of Nebraska, and does business in Parmer County, Texas, as alleged by Plaintiff in Paragraph 3 of the Complaint.  Defendant admits that it can be served through its registered agent, Blumberg Excelsior Corporate Services, Inc., at 814 San Jacinto Boulevard, Ste. 303, Austin, Texas 78701.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within at least 300 days of the last act of which she complained. Defendant admits the EEOC issued a notice of right to sue on May 6, 2015 and Plaintiff filed her complaint within 90 days of the issuance. Defendant denies the remaining allegations in Paragraph 4 of the Complaint, or that it has any liability for Plaintiff's claims.

## III.
## FACTUAL BACKGROUND

**A.      Discrimination, Retaliation, Hostile Work Environment.**

5.      Defendant admits that Plaintiff was hired by Defendant at its Friona, Texas location in October 2013 and promoted to night supervisor in January 2014.  Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits Carol Mungia became Plaintiff's supervisor in January 2014.  Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

**B.      Fair Labor Standards Act.**

14.     Defendant admits that Plaintiff worked for it in Parmer County, Texas. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains a legal conclusion that does not require a response.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

**IV.**
**CLAIMS**

**A.      Discrimination, Retaliation, Hostile Work Environment.**

19.     Defendant incorporates herein by reference its admissions and denials in Paragraphs 1-18, *supra*, as if stated fully herein.

20.      Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**B.     Fair Labor Standards Act Violations By Defendant.**

22.     Defendant incorporates herein by reference its admissions and denials in Paragraphs 1-21, *supra*, as if stated fully herein.

23.     Paragraph 23 of the Complaint contains legal conclusions that do not require a response. To the extent necessary, Defendant denies any factual allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains legal conclusions that do not require a response. Defendant admits that it is covered by the FLSA.

25.     Paragraph 25 of the Complaint contains legal conclusions that do not require a response. Defendant admits that it is covered by the FLSA.

26.     Paragraph 26 of the Complaint contains legal conclusions that do not require a response. Defendant admits that it is covered by the FLSA.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 31 of the Complaint.

**C.     Texas Minimum Wage Act.**

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

**D.     Attorneys' Fees and Costs.**

35.     Defendant incorporates herein by reference its admissions and denials in Paragraphs 1-34, *supra*, as if stated fully herein.

36.     Defendant admits that Plaintiff seeks all costs and attorneys' fees incurred by or on behalf of Plaintiff.  Defendant denies that Plaintiff is entitled to the relief requested therein.

**V.**
**CONDITIONS PRECEDENT**

37.     Defendant incorporates herein by reference its admissions and denials in Paragraphs 1-36, *supra*, as if stated fully herein.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

## VI.
## JURY DEMAND

39.     Defendant acknowledges that Plaintiff has requested a jury, but denies that a jury trial is appropriate on the claims at issue.

## VII.
## PRAYER FOR RELIEF

Defendant further denies that Plaintiff is entitled to any of the relief requested in the Prayer to her Complaint.

## DEFENSES

1.     Plaintiff's Complaint fails to state a viable claim for which relief could be granted.

2.     Plaintiff's claims are barred by consent, laches, waiver, and estoppel.

3.     Defendant pleads that all or part of the relief sought by Plaintiff is not recoverable, including any claim for attorneys' fees.

4.     All or part of Plaintiff's claims are barred by the applicable statute of limitations.

5.     All or part of Plaintiff's claims are barred by her failure to fully exhaust her administrative remedies.

6.     To the extent Plaintiff complains of actions that are outside the scope of her administrative charge and/or complaints with various federal and state agencies, Plaintiff's claims are barred.

7.     Plaintiff is not entitled to recover any punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any state or federal law for such damages, because Defendant adopted policies and practices in support of its non-discrimination obligations and in

good faith attempted to comply with those obligations, and because any employee who engaged in conduct with respect to Plaintiff as alleged in her Petition, which Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

8.     Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims under Title VII and any other applicable statute.

9.     Defendant is entitled to an offset for income, compensation and benefits that Plaintiff received after her employment with Defendant ended.

10.    Plaintiff's claims are barred in whole or in part because Defendant took prompt, effective, remedial action to end all objectionable conduct when it became aware of such objectionable conduct, the awareness and existence of which conduct Defendant specifically denies.

11.    To the extent Plaintiff concedes that lawful business motives motivated the employment decision at issue, Defendant would have made the same decision for those lawful reasons regardless of any unlawful motive; nonetheless, Defendant denies that unlawful motives played any role whatsoever in Plaintiff's employment.

12.    Defendant had policies in place designed to eliminate or prohibit the type of discriminatory behavior complained of by Plaintiff, and Plaintiff unreasonably failed to take advantage of those procedures.

13.    Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

14.    Plaintiff failed to take reasonable steps to adequately mitigate her alleged damages.

15.    Defendant is entitled to recover attorneys' fees and costs of suit.

16.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities.

17.    Plaintiff has no evidence of, and cannot show that Defendant has acted with actual malice or with grossly intentional, willful and/or wanton action.

18.    To the extent any individuals took actions in violation of any law, which Defendant denies, Defendant did not direct, authorize, or ratify any actions and such actions were outside the course and scope of their employment with Defendant.

19.    Plaintiff has received full payment for all work performed for Defendant.

20.    Defendant states that its actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA.   29 U.S.C. § 260.   Therefore, liquidated damages are not appropriate.

21.    Defendant states that its actions with respect to Plaintiff were taken in good faith in conformity with and reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy.  29 U.S.C. § 259.

22.    Any alleged overtime and/or minimum wage violation was *de minimis*.

23.    Defendant is entitled to a set-off for any amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which she is not entitled and/or did not earn.

24.    Defendant denies that venue is proper in the Western District of Texas, El Paso Division.

25.    Defendant denies that any part of the events giving rise to Plaintiff's claims occurred in the Western District of Texas, El Paso Division.

26.     Defendant denies that it maintains a residence in the Western District of Texas, El Paso Division.

Defendant reserves the right to add additional defenses, as provided in the Federal Rules of Civil Procedure, upon the completion of discovery.

WHEREFORE, Defendant respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice.   Defendant further seeks any other relief, including attorneys' fees where applicable, to which it shows itself justly entitled.

Respectfully submitted,

JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

By: */s/ William L. Davis*_____
      William L. Davis
      Texas Bar No. 05563800
      Email: davisw@jacksonlewis.com
      Allyson L. Johnson, Esq.
      Texas Bar No. 24054005
      Email: johnsona@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, on August 21, 2015, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ William L. Davis*_____
ONE OF COUNSEL